# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11329
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FRANCISCO PENA, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-102-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:[*]

Francisco Pena, Jr., pleaded guilty to possession with intent to distribute methamphetamine. The district court sentenced him to 188 months in prison. Pena appeals the sentence.

Pena contends that the district court committed various errors in finding the quantity of drugs attributable to him for purposes of sentencing. He argues that the drug-quantity finding was, in part, derived from alleged activities that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11329

do not qualify as relevant conduct under U.S.S.G. § 1B1.3.  Further, he argues that the finding relied on unreliable and inaccurate estimates as to the scope of his distribution, originated from the uncorroborated claims of a cooperating defendant, and resulted from a flawed methodology that inflated the amount of methamphetamine attributable to him.

The record reflects that Pena's claims were raised in his objections to the presentence report (PSR) or addressed by either the Government's response to his objections or the second addendum to the PSR.  At sentencing, he opted to forgo any argument as to the drug-quantity finding that was implicated by his objections or the responses thereto.  He asserted that he did not wish to pursue the objections, stated that he did not contest either the Government's response or the second addendum to the PSR, and admitted that the response and the second addendum properly set forth the reasons that the quantity finding was proper.  Thus, his appellate challenges to the drug-quantity finding are waived and unreviewable.  *See United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Musquiz*, 45 F.3d 927, 931-32 (5th Cir. 1995).  To the extent that Pena seeks to challenge the propriety and sufficiency of the district court's findings supporting the drug-quantity calculation, that claim likewise was waived when he abandoned any challenge to the adequacy of the facts in the PSR to establish the quantity of drugs attributable to him.  *See Olano*, 507 U.S. at 733; *Musquiz*, 45 F.3d at 931-32.

Pena also argues that the district court erred because it did not require the drug-quantity finding to be proven by clear and convincing evidence.  He asserts that a higher burden of proof was required because the drug-quantity finding had a disproportionate effect on his sentence.  Because he did not raise this claim in the district court, we review for plain error only.  *See United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994).

2

No. 18-11329

While we have acknowledged the possibility that a heightened standard of proof may be required in cases involving a dramatic increase in sentencing based on judicial factfinding, we have never actually required such a burden for factual findings at sentencing. *See United States v. Simpson*, 741 F.3d 539, 558 (5th Cir. 2014); *United States v. Mergerson*, 4 F.3d 337, 344 (5th Cir.1993). Instead, after *United States v. Booker*, 543 U.S. 220 (2005), we have held that all facts relevant to sentencing—that do not affect the statutory range—may be found by a preponderance of the evidence. *See United States v. Scroggins,* 485 F.3d 824, 834 (5th Cir. 2007); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district court's use of the preponderance-of-the-evidence standard thus was not clear or obvious error. *See United States v. Fuchs*, 467 F.3d 889, 901 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Pena argues that his sentence violates the Sixth Amendment. He asserts that his sentence was substantially enhanced as a result of judge-found facts concerning relevant conduct and that, apart from the consideration of those facts, his sentence was unreasonable. This argument is foreclosed. *See United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011).

AFFIRMED.